[Civ. No. 3235. First Appellate District, Division One.—June 17, 1920.]

## C. S. SHERWOOD et al., Appellants, v. MARIA ROBERTSON, Respondent.

[1] PROMISSORY NOTE—SECURED BY MORTGAGE—NEGOTIABILITY—INNOCENT PURCHASER FOR VALUE—DILIGENCE—EQUITY.—While a note and mortgage are to be read together and are non-negotiable, and hence an assignee thereof takes them subject to all the equities and infirmities which could be urged by the makers thereof against the original mortgagee, if the assignee of the note and mortgage uses proper diligence and makes reasonable inquiry to ascertain what, if any, outstanding equities there are in favor of the mortgagor, and, finding no circumstances which would lead a reasonable person to believe that the full consideration had not passed for the execution of said note and mortgage, or that there were equities outstanding in favor of the mortgagor, he takes the assignment of said note and mortgage, paying, in good faith, full value therefor, he takes the same free from such equities as the mortgagor might otherwise have asserted.

[2] ID.—EXECUTION AS SECURITY FOR FUTURE ADVANCES — WANT OF NOTICE TO INNOCENT PURCHASER—EQUITY—ESTOPPEL.—Where a person makes, executes, and delivers to another his promissory note for a given amount, secured by a mortgage, and neither such note nor the mortgage contains any recital or notice that they were given for advances yet to be made, he will be estopped to claim that the full amount of such advances have not been made as against an innocent purchaser who, after the exercise of proper diligence to ascertain if there are any outstanding equities has paid full face value therefor, he, upon inquiry being made of him by the purchaser and her agent, prior to her purchase of the note and mortgage, having failed to enlighten them as to the extent of the advancements which had been made upon such loan.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

John B. Haas for Appellants.

Lewis Cruickshank and Vincent B. Vaughan for Respondent.

RICHARDS, J.—This appeal is from a judgment in favor of the defendant in an action instituted by the plaintiffs for the purpose of having their promissory note and mortgage, in the hands of the defendant, so reformed as to express the amount actually due upon said note and to secure that amount.

The defendant was the holder of said note and mortgage by virtue of an assignment to her of the same from the original payee thereof.   The facts attending the execution of these instruments by the plaintiffs are undisputed and may be summarized as follows: On August 1, 1917, the plaintiffs executed and delivered to one Joseph M. Gore their promissory note for the sum of $2,300 and interest, due three years after date, giving as security for said note their mortgage upon a certain piece of real estate in Los Angeles County, which mortgage was recorded upon the date of its execution.   The transaction upon the face of these instruments appeared to be a straight loan of $2,300 to the plaintiffs, but it appeared at the trial that the money for which said note and mortgage were given was to be used by said plaintiffs in erecting two buildings upon the mortgaged premises, and was to be advanced from time to time by the mortgagee to them as the erection of said structures progressed.   This plan was carried out to the extent that between the date of said loan and the fifteenth day of September, 1917, the said mortgagee had advanced on account of said loan the sum of $895.   On or about said last-named date said Gore undertook to sell said note and mortgage to the defendant herein, an old lady having some money which she desired to have safely invested.   The sale of said securities was being negotiated by one R. W. Martin who, on September 15th, took one Arthur J. Madison, a son-in-law of the defendant, to inspect the property which was the

subject of the mortgage. They found the plaintiff, Mr. Cedric Sherwood, upon the premises. As to the conversation which occurred there between Mr. Madison and Mr. Sherwood there is a dispute in the evidence; but Mr. Madison, who was acting as the agent of the defendant, testified that he spent from fifteen minutes to half an hour looking over the property after being introduced to Mr. Sherwood by Mr. Martin as a gentleman who was looking at the property with a view to buying the mortgage, and that in the course of that time Mr. Sherwood stated to Mr. Madison that both bungalows were rented to be occupied as soon as completed, and that the property was worth approximately $4,500; and when Mr. Madison stated that the property looked like a nice piece of property, and as it was new was a good loan, Mr. Sherwood answered yes, he thought so. Mr. Martin corroborates that portion of the 'testimony of Mr. Madison wherein the latter stated that Mr. Sherwood was informed that Mr. Madison might buy the mortgage if it was all right. Two days later the defendant herself went out to see the property, accompanied by Mr. Martin, and she testified that she was there introduced to Mr. Sherwood by Mr. Martin as a prospective purchaser of the note and mortgage, and that, to quote her own language, "I said to Mr. Sherwood, 'It looks like a good loan—I have to be pretty careful, I haven't very much money, and I have to be very careful how I let it'; and he said it was a good loan; my money would be safe, and everything was all right. . . . Mr. Sherwood stated that the interest was to be paid on it; I think he said there would be no trouble." Mr. Martin also corrobo- rated Mrs. Robertson in her testimony to the effect that she was introduced to Mr. Sherwood as "the woman with the money, and if the loan suited her she would possibly buy it." A few days later Mrs. Robertson bought the note and mortgage from Gore, paying to him the full face value thereof. The assignment of the mortgage to her was re- corded on September 26, 1917, and on the following day the plaintiffs brought this action to have the instruments re- formed.

Upon the trial of the cause the court accepted the state- ments of Mrs. Robertson and her agent Madison as to the substance of the conversations between them and the plain- tiff, Cedric Sherwood, who, it is conceded, was acting not

only in his own behalf but as agent for his wife during the course of these interviews; and the court thereupon made its findings in favor of the defendant, holding that the plaintiffs were liable to her for the full amount of said note and mortgage and were not entitled to have the same reformed.

The plaintiffs upon this appeal attack these findings as unsupported by the evidence in the case, and they also insist that the said decision of the court is against law. The question which is thus presented is one of estoppel. [1] It is conceded by both parties to this appeal that a note and mortgage are to be read together and are non-negotiable, and hence that an assignee thereof takes them subject to all the equities and infirmities which could be urged by the makers thereof against the original mortgagee. This admitted rule of law has, however, this exception, that if the assignee of the note and mortgage uses proper diligence and makes reasonable inquiry to ascertain what, if any, outstanding equities there are in favor of the mortgagor, and if, having used such diligence and made such inquiry, he finds no circumstances which would lead a reasonable person to believe that the full consideration had not passed for the execution of said note and mortgage, or that there were any equities outstanding in favor of the mortgagor; and if, having used such diligence and made such inquiry with such result, he takes the assignment of said note and mortgage, paying in good faith, full value therefor, he takes the same free from such equities as the mortgagor might otherwise have asserted. The respondent herein relies upon this exception to the general rule, and depends upon the evidence of the interviews held between herself or her agent and the plaintiff Cedric Sherwood as sufficient to sustain such exception and to work an estoppel against the Sherwoods to deny their full liability upon said note and mortgage.

In support of this view the respondent cites the case of *National Hardwood Co.* v. *Sherwood,* 165 Cal. 1, [130 Pac. 881]. We are unable to find any distinction between that case and the case at bar. The facts of the two cases are practically identical; and the supreme court in the case before it fully applies the principle of estoppel for which the respondent herein contends, and we can see no escape from the application of that principle to the facts

of the case at bar. The cases cited by the appellants from other jurisdictions cannot be held to be availing in the face of the decision of our own supreme court upon this subject; and while it is true that the compulsion laid upon the plaintiffs herein to pay the full face of their note and mortgage works a hardship upon them, the adoption of the other view would work a greater hardship upon the respondent, who appears throughout to have acted with the utmost good faith. [2] The plaintiffs at the time of their interviews with the defendant and her agent had their opportunity to enlighten them both as to the extent of the advancements which had been made upon said loan; and this being so, the rule laid down in section 3543 of the Civil Code, that ''where one of two innocent persons must suffer by the act of a third he by whose negligence it happened must be the sufferer,'' is to be given application to the facts of the case at bar. The plaintiffs herein, by giving to Gore their note and mortgage in the form in which these were given put it in the latter's power to exhibit the same to a purchaser thereof, and to induce the belief in such purchaser that these instruments were good for their full face value. They could easily have avoided this consequence and sufficiently protected themselves and any assignee of their securities by an insertion in their mortgage of a recital showing that the same was given for advances yet to be made. Not having done this, they must be held as between themselves and this defendant, to be the parties by whose negligence the wrong occurred from which one or the other of them must be the sufferer.

The appellants, however, insist that the respondent herein was also negligent in not requiring from Gore upon her purchase of these securities a statement from the makers thereof as to the amount then due. Ordinarily this might be true; but in the case at bar the necessity for such a statement was obviated by the direct interview with Sherwood and by the opportunity then afforded to him to explain the exact condition of the loan. We are satisfied that the evidence in the case was sufficient to sustain the findings of the court in the defendant's favor, and that there is no error disclosed by the record upon this appeal.

Judgment affirmed.

Waste, P. J., and Koford, J., *pro tem.*, concurred.